```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED
      JUL 3 1 2002
CLERK, U.S. DISTRICT COURT
By _____
              Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY, INC., | § § § |
| Plaintiff, | § § § |
| v. | §   CIVIL ACTION NO. 6-02CV 056 C |
| THOMAS KING, | § § § |
| Defendant. | § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff National American Insurance Company, Inc. ("NAICO") files this original complaint to assert its claims against Defendant Thomas King ("King").

### I. INTRODUCTION

1. This is an action to recover damages incurred by CrownQuest Operating, L.L.C. ("CrownQuest") arising out of King's failure to perform his contractual and common law duties as consulting engineer to CrownQuest in connection with the operation of the Whit E #1 natural gas well (the "Well") in Glasscock County, Texas.

2. NAICO is the real party in interest in connection with the claims that have been asserted in this complaint by virtue of both its insurance contract with CrownQuest and common law principles of subrogation.

## II. PARTIES, JURISDICTION, AND VENUE

3. NAICO is a corporation that is organized and that exists pursuant to the laws of the State of Oklahoma. NAICO's principal place of business is in Chandler, Oklahoma.

4. Defendant King is an individual and a citizen of the State of Texas. King may be served with process by delivering a summons, together with a true and correct copy of this complaint, to his residence at 411 Humble, Midland, Texas 79705.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 (a) (diversity of citizenship) because the plaintiff and the defendant were, at the time of the events that give rise to this action, and are, today, citizens of different states and the amount in controversy in this action, exclusive of interest and costs, is in excess of $75,000.

6. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391(a) because the acts that give rise to the plaintiff's claims occurred in Glasscock County, Texas.

## III. CAUSES OF ACTION

### COUNT I
### (BREACH OF CONTRACT)

7. CrownQuest hired King as a field consultant to supervise the operations of the Well.

8. As CrownQuest's field consultant, King was responsible for, among other things, the supervision of the mud control program of the Well.

9. Additionally, King was responsible for, among other things, oversight of the condition of the drilling equipment that was used at the Well.

10. On August 1, 2000, the Well caught fire and, as a result, burned out of control for two days, until it was extinguished.

11. As a result of the fire, most, if not all, of the equipment and personal property that

was located in the area of the Well was destroyed.

12. The fire was caused by King's failure to satisfy his contractual duties to supervise the operations of the Well.

13. Specifically, King failed to supervise the mud control program for the Well and, due to his failure, the mud weight of the drilling fluid used for the Well was deficient.

14. Further, King failed to ensure the drilling equipment used at the Well had adequate and functional safety valves and related equipment.

15. Among the items of property that were destroyed by the fire were a tractor and trailer that were owned by Haliburton Energy Services ("HES"), an operating entity of the Haliburton Company.

16. But for King's failures to satisfy his contractual duties, the fire would not have happened or, in the alternative, it could have been controlled without the resulting damage to the HES property.

17. As a result of King's failures, CrownQuest was required to reimburse HES for its loss and agreed to pay HES $445,143 for its loss. The payment of this settlement was funded by NAICO pursuant to its contract of insurance with CrownQuest.

18. Thus, as a direct and foreseeable result of King's failure to satisfy his contractual duties of supervision in connection with the Well, CrownQuest incurred consequential damages in the amount of at least $445,143. Such damages may increase depending on other payments Crownquest may be forced to make.

19. All conditions precedent to CrownQuest's and NAICO's right to recover from King in connection with his breach of contract either have occurred or have been satisfied.

## COUNT II
### (NEGLIGENCE)

20. Plaintiffs repeat and adopt the allegations set forth in Paragraphs 7 through 18, above, as if fully set forth herein.

21. As a field consultant to CrownQuest, King owed CrownQuest a duty of reasonable care in connection with his supervision and oversight of the operations of the Well.

22. King breached his duty of reasonable care to CrownQuest by failing to ensure that the drilling fluid for the Well had sufficient mud weight.

23. King further breached his duty of reasonable care to CrownQuest by failing to ensure that the drilling equipment at the Well had adequate, sufficient, and fully-operational safety equipment, including safety valves.

24. As a direct and proximate result of King's negligence, as set forth above, the Well caught fire and the fire destroyed equipment and property that were located near the Well, including the HES tractor and trailer.

25. CrownQuest was obligated to pay HES for its loss and caused $445,143 to be paid to HES.

26. King is liable to CrownQuest in the amount of at least $445,143, together with other damages incurred by CrownQuest as a result of the fire at the Well.

## COUNT III
### (ATTORNEY'S FEES)

27. Plaintiffs repeat and adopt the allegations set forth in Paragraphs 7 through 18, above, as if fully set forth herein.

28. In order to collect the sums due from King as a result of his breach of his consulting

contract with CrownQuest, NAICO has retained the undersigned law firm and has agreed to pay the undersigned law firm a reasonable fee for its services rendered in connection with the prosecution of this case.

29. Pursuant to V.T.C.A., TEX. CIV. PRAC. & REM. CODE, §38.001, *et seq.*, NAICO is entitled to recover the reasonable and necessary attorneys' fees incurred in connection with the prosecution of CrownQuest's breach of contract claim against King.

## IV. PRAYER

WHEREFORE, NAICO prays for judgment as follows:

1. In connection with Count I, judgment in the amount of at least $445,153;

2. In connection with Count II, judgment in an amount to be determined at trial but in excess of $75,000;

3. In connection with Count III, the recovery of the reasonable and necessary attorneys' fees that it will incur in connection with the prosecution of its claims against King;

4. In connection with all counts, the recovery of its costs incurred in connection with this litigation;

5. In connection with all counts, an award of prejudgment and post judgment interest on all of the foregoing sums at the highest respective legal rates; and

6. In connection with all counts, any and all further relief to which NAICO may be entitled.

Respectfully submitted,

*/s/ Stephen C. Carlin*

**STEPHEN C. CARLIN**
State Bar No. 03807700
**JAMES E. DAVIS**
State Bar No. 05504200

**DAVIS MUNCK, P.C.**
A Professional Corporation
900 Three Galleria Tower
13155 Noel Road
Dallas, TX 75240
(214) 922-9221 (Telephone)
(214) 969-7557 (Facsimile)

**COUNSEL FOR PLAINTIFF**